# LEWIS EMERY, JR., v. JOHN DeGOLIER, ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF McKEAN
COUNTY.

Argued May 11, 1887—Decided October 3, 1887.

The vendee, a married woman, under articles for the purchase of land, covenanted that in case of failure to make payments at the times stipulated or if she should leave the land untenanted for the term of six months at any time previous to full payment, the vendor might sell to another. She abandoned the land for more than six months, but, without payment of the purchase money as covenanted, re-entered just before an ejectment was brought by a second vendee under a re-sale : Held,

1. That by selling the land to another according to the express provisions of the first contract, the vendor performed the equivalent of a re-entry as for a condition broken, and that the second vendee showing the facts was entitled to recover.

2. That under such circumstances the vendee by the first articles was not entitled to the benefit of a conditional verdict for the plaintiff, to be released on full payment.

3. That though the first vendee was not sui juris, her contract for the purchase could be enforced against the land by the form of remedy adopted.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, J. J.; PAXSON and CLARK, JJ., absent.

No. 414 January Term 1887, Sup. Ct.; court below, No. 34 December Term 1876, C. P.

This was an ejectment brought on October 6, 1876, by Lewis Emery, Jr., against John DeGolier and Frances De-Golier, his wife, to recover thirty-one acres of land in Bradford township. On May 23, 1881, James Amm et alii were added as defendants. The plea was, not guilty.

On the trial, January 17, 1887, it was shown on the part of the plaintiff that title to the land in controversy was in Daniel Kingsbury, who conveyed to A. W. Newell, June 23, 1865, and Newell conveyed by deed of quit-claim to the plaintiff on September 29, 1876. The defendants showed as matter of defence, a sealed contract of sale of the land in dispute made on

October 22, 1869, by A. W. Newell to Frances DeGolier, the latter signing alone; which contract contained the covenants following :—

In consideration whereof, the said DeGolier doth hereby covenant, promise, and agree, to and with the said party of the first part, that she will reside on and improve the said lot of land, and pay to the said party of the first part, his heirs or assigns, for said lot of land, the sum of five hundred and twenty dollars in manner following, that is to say, sixty dollars yearly, payable October 22d each year, until fully paid, the whole bearing interest from the date of this instrument, which is to be paid annually, and doth further covenant, promise, and agree, to pay all taxes and assessments whatsoever, whether in the nature of taxes now in being or not, which are or may be payable for or in respect of the said lot of land, or any part thereof; and doth further covenant, promise, and agree, that no pine timber shall be cut until three fourths of the purchase money shall be paid, and that in case of failure to make the payments aforesaid at the times hereinbefore stipulated, and interest, and the taxes, or shall leave said lot of land untenanted for the term of six months at any time previous to the full payment of the sums aforesaid, the said party of the first part, his heirs or assigns in either case, shall have full power, and lawful authority, to sell and dispose of said lot of land to any other person; and this agreement, so far as relates to the party of the first part hereof, shall be void, and of none effect, from and after any such delinquency in payment thereof, or abandonment for six months as aforesaid, or failure to pay taxes thereon, and all sums that shall have been paid to the party of the first part on account thereof shall be forfeited, and he shall not be liable to refund the same or any part thereof.—

Indorsed upon this contract were these payments: October 22, 1869, $60; November 29, 1870, $60; October 28, 1871, $60. There was evidence brought out on the cross-examination of defendants' witnesses and introduced in the plaintiff's rebuttal, tending to show that John and Frances DeGolier occupied the land bought under this agreement until in 1872, when they removed therefrom, returning thereto in August 1876; and that in the meantime the property was entirely

abandoned, no cultivation done, fences down and the land open to the public.

The plaintiff presented for instructions the following points:

1. That the contract dated October 22, 1869, between A. W. Newell and Frances DeGolier cannot be enforced against said Newell or his vendee, the same being made with a married woman and, she being one incapacitated to contract during coverture, the element of mutuality between the parties is wanting, and the same cannot be enforced.[1]

2. The contract between A. W. Newell and Frances De-Golier, one of the defendants and wife of John DeGolier, dated the 22d day of October, 1869, inter alia, contains the following provisions: " In case of failure to make the payments aforesaid at the times stipulated," etc., " or shall leave said lot of land untenanted for the term of six months at any time previous to the full payment of the sums aforesaid, the said party of the first part shall have full power and lawful authority to sell and dispose of said lot of land to any other person; and this agreement, so far as relates to the party of the first part, shall be void and of none effect from and after any such delinquency in payment or abandonment for six months as aforesaid;" and the undisputed evidence showing that said premises had been left untenanted for more than six months previous to the full payment of the purchase money, the same having never been paid, the contract was forfeited, and A. W. Newell, by his deed of September 29, 1876, conveyed said land to plaintiff unencumbered by the contract and all claims in pursuance thereof; if the jury believe from the evidence that Kingsbury in his lifetime executed and delivered the deed to Newell.[2]

These points were answered in the general charge, HENRY W. WILLIAMS, P. J., which was as follows:

The action you are now to dispose of is called an action of " ejectment." It was brought by Lewis Emery, Jr., against John and Frances DeGolier, who were man and wife, for the recovery of thirty-one acres of land in this county; and other persons interested in this land under Frances and John De-Golier have been placed on the record as co-defendants.

The plaintiff shows a title in himself to this land. He shows that the commonwealth granted it by patent, and he

shows that both himself and the defendants claim under Daniel Kingsbury as a source of title.

The evidence shows that Kingsbury conveyed this land, whether by valid conveyance or not, in the view we take of it, is a matter of no consequence now, to A. W. Newell, and A. W. Newell within a year or so after he acquired title conveyed the title to the present plaintiff, Lewis Emery, Jr. In 1869, some years prior to the date of the deed from Kingsbury to Newell, Newell contracted the land to Frances DeGolier, who was to pay for it $520 in instalments of $60 per annum. The contract was in writing and signed by himself and her. She and her husband went into possession under it and remained in possession some years. They were in possession at the time this writ was served, and occupying a house on the premises of which there were some ten or twelve acres cleared. During the time intervening between the taking of this contract and the bringing of this suit there was a year or two that they were out of possession. The premises were unoccupied and the doors of the house were allowed to swing open, and the fields, so far as the evidence indicates, were uncultivated. Upon the evidence thus given several questions have been raised. On the part of the plaintiff we are asked to instruct you in the first place, that Mrs. DeGolier having been a married woman at the time this contract was entered into was incompetent to enter into a valid and binding contract, and that the contract which she did enter into is not capable of enforcement in her favor in this action.

It is true, gentlemen, that a married woman is incompetent to make a contract; yet such contracts for the purchase of land have been in many instances in this state—where the purchase money has been secured by judgment bond or note on which judgment has been entered—recognized as conveying the land validly, sufficiently to the vendee, and such security has been recognized as an equitable lien on the land conveyed; and in this qualified manner these contracts have been enforced. In this case Mrs. DeGolier made the first three payments on this contract substantially in accordance with its terms. Improvements were made upon the land, and they were for several years in possession and, according to her testimony, cultivating the land, and were found in possession

when this action of ejectment was brought; and we instruct you in reply to the first point submitted by plaintiff's counsel, that the fact that she went into possession under the contract from A. W. Newell, the plaintiff's vendor, and that there is due upon that contract a portion of the purchase money, are facts that it is entirely competent for the court and jury to take into consideration, and as justice and equity can be done by securing the purchase money which the vendor contracted for on the one hand, and secure to his vendee the benefit of her contract on the other, [we say to you that under the circumstances of this case this contract is capable of enforcement in such a way, in equity.] [1]

The second point of plaintiff's counsel is one in which we are asked to charge you that this contract was forfeited. There were certain stipulations in the contract, and among them this : That in case the premises should remain unoccupied six months or in case the purchase money should remain unpaid—any of the instalments—the contract should thereby become void as to the first party. Now, such stipulations are enforced under proper circumstances; and if A. W. Newell had entered on this ground during the time possession was vacant, and had resisted the return of the defendant, and insisted that he had entered under this covenant or stipulation and availed himself of the forfeiture, we think he would have been in by virtue of his legal right and it would have been incompetent for the defendant to have dispossessed him; and the question of the enforceability of this contract would have been raised under circumstances when we should have had to say to you that it could not be enforced. If this woman were out of possession, seeking to recover as against her vendor the possession of this property as against any condition broken, we should have to say that the contract could not be enforced. But no entry was made by the vendor, and there was no effort to take advantage of any forfeiture or to collect this money or to take possession of the land that was left vacant. On the other hand she was allowed to return to it and resume her possession and cultivation, and this action of ejectment was not brought until some time subsequently. We instruct you in answer to the second point, that the forfeiture, or grounds of forfeiture that may have existed, not having been taken ad-

vantage of properly, are to be regarded as waived; and that the defendant having been in the quiet and peaceful possession of these premises when this action of ejectment was brought, is entitled to the benefit of the contract under which she entered. It has not been terminated by any act of the vendor by prompt effort of the vendor to avail himself of the existence of any clause of forfeiture, and not having been so terminated by his act while the possession was vacant, this action of ejectment, brought a considerable time after her return and that of her husband to possession, does not place her vendor, or the plaintiff who here represents him, in a position to insist upon these forfeitures.

Now, gentlemen, if we are right in our instructions to you upon these points, the situation of this case is just this: Mrs. DeGolier purchased this land, agreeing to pay $520 for it. She has paid a portion of it and there is a portion due, and this action of ejectment becomes in effect a means of ascertaining the amount due and compelling its payment. [We think your duty so far as this case is concerned will be discharged when you have ascertained the amount due upon this contract and have fixed a reasonable time, and in view of the great length of time which has elapsed you should not allow it to be very long, within which it shall be paid. We think you should find for the plaintiff for the land described in his writ, subject to be entered for the defendant, if this balance be paid within ten, or twenty or thirty days.] [3] In view of the long delay in the payment of the purchase money secured by this contract, longer time would hardly be allowed by you.

The statement that will go out with you is a mere calculation, and its correctness you are yourselves to determine. It is to aid you only in arriving at the amount and dates, and you will look it over yourselves to see that it is correct.—

Upon this charge the jury rendered a verdict for the plaintiff for the land described in his writ, to be released upon payment by the defendants of the sum of $773.56 with interest and costs within thirty days. Thereupon, judgment being entered, the plaintiff took this writ assigning for error:

1. The refusal to affirm plaintiff's first point [1] and the part of the charge in reference thereto in [ ] [1]

2. The refusal to affirm plaintiff's second point.[2]

3. The part of the charge embraced in [ ] [3]

*Mr. G. L. Roberts* and *Mr. M. F. Elliott* (with them *Mr. J. D. Lee* and *Mr. D. H. Jack*), for the plaintiff in error:

1. Mrs. Frances DeGolier being a married woman, her husband still living and not joining, there was no mutuality in the contract with A. W. Newell, and it was not binding upon him unless fully performed by a strict compliance with its terms; and his rescission made in accordance with its provisions was binding upon the defendants: Heacock v. Fly, 14 Pa. 540; Columbia Coal Co. v. Miller, 1 W. N. 278; Vance v. Nogle, 70 Pa. 176; Condon v. Barr, 4 Cent. R. 557.

2. The contract having been forfeited by the acts and omissions of the vendee under the articles, and the forfeiture enforced by the vendor in the manner provided for, and there being a material change in the circumstances, she and those claiming under her had no such equities as would entitle them to specific performance, and the vendor's rights were not affected by her re-entry without his knowledge: Russell v. Baughman, 94 Pa. 400; Columbia Coal Co. v. Miller, 1 W. N. 278; McGrew v. Foster, 113 Pa. 642; Churcher v. Guernsey, 39 Pa. 84; Colt v. Selden, 5 W. 525.

3. Equity would not aid in the enforcement of specific performance in favor of Mrs. DeGolier and those claiming under her, because of her laches: Rennyson v. Rozell, 106 Pa. 407; Russell v. Baughman, 94 Pa. 400; Shnyder v. Noble, 94 Pa. 286; Hess v. Brown, 111 Pa. 124; Allabach v. Wood, 3 Cent. R. 533.

*Mr. Byron D. Hamlin,* for the defendants in error:

1. Heacock v. Fly, 14 Pa. 540, is to be distinguished. Vance v. Nogle, 70 Pa. 176, holding that a contract between a vendor and a feme covert cannot be rescinded by him except by her refusal to perform, is against the plaintiff's contention. One who is sui juris is bound by his contract made with one who is not: Grove v. Hodges, 55 Pa. 504; Bortz v. Bortz, 48 Pa. 382; Walker v. Coover, 65 Pa. 430. Even an option to purchase land is not for that reason so devoid of mutuality that it will not be enforced: Corson v. Mulvany, 49 Pa. 88; Smith & Fleek's App., 69 Pa. 474.

2. Though the contract of a married woman to purchase land is void as to her as a personal obligation, yet it may be enforced against the land by the same remedies and in the same manner as if she were sole: Shnyder v. Noble, 94 Pa. 286; Ramborger v. Ingraham, 38 Pa. 146; Glass v. Warwick, 40 Pa. 140; Patterson v. Robinson, 25 Pa. 81; Sawtelle's App., 84 Pa. 306; Quinn's App., 86 Pa. 447; Vandyke v. Wells, 103 Pa. 49.

3. Though Mrs. DeGolier had temporarily 'ceased to reside on the land, no demand had been made for the possession nor for the payment of the purchase money; she was in peaceable possession when the writ issued, which was the first notice of the plaintiff's dissent or of his desire to rescind, and there is not a particle of evidence that there was a material change in the circumstances. She had not forfeited her equitable rights under the contract: Moroney v. Townsend, 5 Phila. 357; Nicol v. Carr, 35 Pa. 381; Freetly v. Barnhart, 51 Pa. 279; Swain v. Insurance Co., 54 Pa. 455; Bumberger v. Clippinger, 5 W. & S. 311; Hollenbaugh v. Morrison, 9 W. 408; Colwell v. Hamilton, 10 W. 413; Gans v. Renshaw, 2 Pa. 34; Hatton v. Johnson, 83 Pa. 219; Irvin v. Bleakley, 67 Pa. 24; Forsyth v. Oil Co., 53 Pa. 173; Tiernan v. Roland, 15 Pa. 429; Russel v. Baughman, 94 Pa. 400; 2 Pars. Con. 678.

OPINION, MR. JUSTICE GREEN:

There was highly persuasive evidence given by the plaintiff on the trial, to show that the vendee under the original articles had entirely abandoned the premises covenanted to be sold, for at least two years and probably longer than that. By the express terms of the contract the vendee stipulated that she would reside on and improve the land; would pay five hundred and twenty dollars for the land in annual payments of sixty dollars each, the whole sum bearing interest from the date of the agreement; would pay all taxes and assessments whatever; that no pine timber should be cut until three fourths of the purchase money should be paid, "and that in case of failure to make the payments aforesaid at the times hereinbefore stipulated—and interest—and the taxes—or shall leave said lot of land untenanted for the term of six months at any time previous to the full payment of the sums aforesaid—the

said party of the first part, his heirs or assigns, in either case shall have full power and lawful authority to sell and dispose of said lot of land to any other person; and this agreement so far as relates to the party of the first part hereof shall be void and of none effect from and after any such delinquency in payment thereof, or abandonment for six months as aforesaid—or failure to pay taxes thereon—and all sums that shall have been paid to the party of the first part on account thereof shall be forfeited and he shall not be liable to refund the same or any part thereof." Only three of the annual payments were made, which in all did not amount to enough to pay the interest on the purchase money to the time of suit brought. If the plaintiff's testimony was believed, the vendee left the premises in 1872 and they continued entirely unoccupied up to January, 1876, in such a condition as to justify an inference of abandonment. The vendee admitted on the witness stand that she left the place in 1872 and did not return till several months after her child was born, which she said was in December, 1875; so that the jury might have easily found that she did not enter upon the premises the second time until the summer of 1876. It does not appear that any information of this re-entry was given to the vendor. It was also proved that the vendor sold and conveyed the land to Emery, the present plaintiff, in September, 1876, and that the present action was brought on October 6, 1876. It is apparent therefore that the vendor exercised a clear contract right reserved to him under the articles when he sold to the plaintiff; and that the latter without any delay brought his action to recover the premises, the original vendee being then in possession. The vendor was not in position to bring an ejectment before the sale, unless possibly for an extremely short time, because the vendee was not in possession and the premises were entirely unoccupied, if the testimony of the plaintiff is believed. While he did not actually re-enter as for condition broken, he performed the full equivalent of a re-entry by selling the land to another in accordance with the express provisions of the agreement of sale. In these circumstances it seems to us clear that the vendor did exercise his right of forfeiture with sufficient promptness, and that if the jury found the breaches of condition which authorized the vendor to re-enter or sell to another, the plaintiff's title was

made out and he should have had an absolute verdict without condition. In our opinion, the plaintiff's second point should have been affirmed as the testimony stood upon the trial. We sustain the second and third assignments of error. We do not sustain the first because although the vendee was not sui juris her contract could have been enforced against the land without charging her personally.

Judgment reversed and new venire awarded.